IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEATHER SPENCER MEANS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-1249-G-BK |
| | § | |
| GATEWAY MORTGAGE CO. | § | |
| COVENANT TRANSPORT, INC. | § | |
| | § | |
| DEFENDANT/COUNTERCLAIMANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, *Defendants' Motion for Default Judgment*, Doc. 10, is before the Court for consideration. For the reasons that follow, the motion should be **DENIED**.

## I. PROCEDURAL HISTORY

In June 2022, Plaintiff filed this action in state court for breach of contract realted to the impending foreclosure of a property in which she claims to have an interest (the "Property"). Doc. 3-3 at 2. Defendant removed the case to this Court based on diversity jurisdiction, Doc. 1 at 2-3, and filed a counterclaim against Plaintiff seeking (1) a declaratory judgment to the effect that it is authorized to enforce the power of sale enumerated in the governing deed of trust through foreclosure; (2) non-judicial foreclosure of the Property; and (3) a writ of possession. Doc. 7 at 4-5. When Plaintiff failed to answer or otherwise plead in response to Defendant's counterclaims, the Clerk entered a default at Defendant's request. Doc. 9; Doc. 11. Defendant now moves for a default judgment on its counterclaims. Doc. 10.

## II. APPLICABLE LAW

The conditions upon which a default may be entered against a party, as well as the procedure to seek the entry of default judgment, are found in Rule 55 of the Federal Rules of Civil Procedure. As an initial matter, the moving party must establish that the nonmovant (1) has been served with the summons and complaint and default was entered due to their failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, she was provided with notice of the application for default judgment at least three days prior to any hearing on the matter. FED. R. CIV. P. 55.

The entry of a default judgment thereafter is the culmination of three events: (1) default, which occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by the movant to the clerk for a default judgment after the entry of default. FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The entry of default alone does not entitle a plaintiff to a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The decision to grant a default judgment is one soundly within the district court's discretion. *Id.* "Default judgments are a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "[T]hey are available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* (citation omitted).

## III. ANALYSIS

Plaintiff did not respond to Defendant's *Motion for Default Judgment*.  Accordingly, the Court issued an *Order to Show Cause* (the "OSC"), directing Plaintiff to explain her failure to do so.  Doc. 16.  In response to the Court's OSC, Plaintiff avers her oversight and other missteps were the result of a series of inadvertent administrative errors and a misunderstanding of applicable law.  Doc. 17.  She requests leave to file an answer to Defendant's counterclaims, noting the case is in its infancy.[1]  Doc. 17.  In reply to Plaintiff's OSC response, Defendant maintains it is entitled to a default judgment, but its argument is primarily based on the perceived lack of merit in Plaintiff's claims and the strength of its own case.  *See* Doc. 18, *passim*.

Upon consideration of the applicable law and the record, including Plaintiff's response to the OSC and Defendant's reply thereto, Defendant's *Motion for Default Judgment* should be denied.  While Plaintiff clearly defaulted by failing to respond to Defendant's counterclaims and the Clerk thus appropriately entered a default, the Court cannot say that the adversary process has ground to a halt due to Plaintiff's lack of action.  *Sun Bank of Ocala*, 874 F.2d at 276.  Plaintiff also has attempted to establish she has a meritorious defense to Defendant's counterclaim.  *See* Doc. 17 at 2 ("As an owner of the property, Means had the right to notice of the sale and she did not receive it.  She has a legitimate defense to the suit and requests leave to file her answer.").  Given the "drastic" nature of a default judgment, entry of such is not warranted under the circumstances presented here.  *Sun Bank of Ocala*, 874 F.2d at 276.

---

[1] While Plaintiff separately requests leave to respond to Defendant's motion, Doc. 17 at 2, the Court finds the most expeditious course of action is to deny Defendant's motion and grant Plaintiff leave to file her Answer, as recommended *infra*.

## IV. CONCLUSION

For the foregoing reasons, *Defendant's Motion for Default Judgment*, Doc. 10, should be

**DENIED**.  Thereafter, Plaintiff should be granted leave to file an Answer to Defendant's

counterclaim.

**SO RECOMMENDED** on October 12, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).