IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEATHER SPENCER MEANS, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:22-CV-1249-G-BK |
| | § | |
| GATEWAY MORTGAGE COMPANY, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 4. Now before the Court is Defendant's *Amended Motion to Dismiss*. Doc. 26. For the reasons that follow, it is recommended that the motion be **GRANTED**.

**I. BACKGROUND**

Plaintiff's deceased former husband, Adam Means ("Decedent"), executed a deed of trust ("the Deed") and a loan agreement ("the Note") as to the Property in September 2017 before he and Plaintiff married. Doc. 23-1 at 16, 21. Plaintiff and Decedent subsequently divorced, and the divorce decree awarded Plaintiff and Decedent each one-half interest in the Property, ordered them to sell the Property, and required Decedent to continue making payments on the Note pending the sale, though the Property never sold. Doc. 23-1 at 28-29, 32. Following Decedent's default on the Note, Defendant sent to Decedent, and subsequently, to the attorney representing Decedent's estate (1) a Notice of Default, Opportunity to Cure, and Intent to Accelerate, (2) a Notice of Acceleration, and (3) a Notice of Substitute Trustee's Sale, which scheduled the foreclosure sale of the Property for June 2022. Doc. 23-1 at 40-42.

In June 2022, Plaintiff Heather Spencer Means ("Plaintiff") filed this civil action in state court for breach of contract and seeks a temporary restraining order to prevent Defendant Gateway Mortgage Company from foreclosing on the property located at 346 Harbin Avenue, Waxahachie, Texas 75165 (the "Property"). Doc. 3-3 at 2. Plaintiff alleges that Defendant's failure to give her proper notice of the default and subsequent acceleration of the note securing the Property violated the Texas Property Code and various HUD regulations and breached the parties' "loan documents." Doc. 3-3 at 2. Defendant removed the action to this Court based on diversity jurisdiction, Doc. 1, and filed counterclaims against Plaintiff seeking (1) a declaratory judgment authorizing Defendant to enforce the power of sale enumerated in the governing deed of trust through foreclosure; (2) non-judicial foreclosure of the Property; and (3) a writ of possession, Doc. 7 at 4-5.[1]

In November 2022, Defendant filed the instant *Amended Motion to Dismiss*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 26. Plaintiff has filed a response opposing the relief sought. Doc. 29.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence

---

[1] When Plaintiff failed to timely answer or otherwise respond to Defendant's counterclaims, Defendant obtained a default and filed a *Motion for Default Judgment*. Doc. 10; Doc. 11. The Court denied Defendant's motion and ordered Plaintiff to file an *Answer* to the counterclaims by November 7, 2022. Doc. 19; Doc. 21. Plaintiff filed her untimely *Answer* on November 19, 2022. Doc. 28.

on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

Moreover, dismissal is appropriate under 12(b)(6) when a party lacks contractual standing. *Hosein v. Gonzales*, 452 F.3d 401 (5th Cir. 2006). "To raise a claim in federal court, plaintiffs must demonstrate both that a federal court will have jurisdiction over their claim, and also that they (the plaintiffs) have a right of action to initiate that claim." *Harris Cty. v. MERSCORP Inc.,* 791 F.3d 545, 552 (5th Cir. 2015). As relevant here, in a "contractual standing" case, the pertinent inquiry is whether a party has the right to relief for breach of contract, not the court's subject matter jurisdiction. *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 351 (5th Cir. 2021), *certified question accepted* (Sept. 3, 2021), *certified question answered*, 642 S.W.3d 551 (Tex. 2022) ("So where, as here, a case turns on the validity of an assignment of contractual rights, that is not a question of Article III standing but one of contractual standing.").

### III. ANALYSIS

Defendant argues that Plaintiff lacks standing to bring this suit as she is not a party to the Note. Doc. 24 at 15-17, 20-21. Additionally, Defendant asserts that Plaintiff has failed to state a claim under Rule 12(b)(6) since neither the Texas Property Code nor HUD regulations create a private cause of action and Plaintiff also has not pleaded conduct that would constitute a breach. Doc. 24 at 21-22. Plaintiff counters that she has adequately alleged she had a contractual right as an owner of the Property—per the divorce decree—to receive formal notices pertaining to the

3

default on the Note as required by the security documents and the Texas Property Code. Doc. 29 at 1–2. Further, Plaintiff alleges that since she did not receive such notice or an opportunity to cure, Defendant breached their contract. Doc. 29 at 2. As explained here, Defendant's argument has merit.

"[A]s a general rule [in Texas], only parties to a contract and their successors-in-interest have standing to assert defects in the contract or seek its enforcement through breach claims." *Priester v. Long Beach Mortg. Co.*, No. 4:16-CV-00449-ALM-CAN, 2016 WL 9504324, at *7 (E.D. Tex. Dec. 16, 2016) (citing *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007)), *adopted by* 2017 WL 510350 (E.D. Tex. Feb. 8, 2017); *see also Kirby Lumber Corp. v. Williams*, 230 F.2d 330, 332-33 (5th Cir. 1956) ("The only proper parties to a suit to foreclose a mortgage are the mortgagor and mortgagee and those whose interests have been acquired subsequently to the date of the mortgage."). Even though a divorce decree may purport to shift a party's mortgage obligations, such cannot impede a creditor's rights. *Cf. Luisa Fernanda Calle Monsalve v. CMG Fin.*, No. EP-21-CV-00058-FM, 2021 WL 2444168, at *5 (W.D. Tex. June 15, 2021) (noting that the transfer of a property or ownership interest pursuant to a divorce decree "does not automatically make the transferee responsible for mortgage obligations").

In the case *sub judice*, Plaintiff signed neither the Deed nor the Note.[2] Doc. 23-1 at 19-21. And while the divorce decree subsequently awarded Plaintiff one-half interest in the

---

[2] A spouse who signs the note is entitled to notice of intent to accelerate or intent to foreclose as a "borrower" or "debtor" under Texas law. However, a spouse who is a signatory only to the deed, but not the note, cannot bring suit for the defendant's failure to give her notice of default, intent to accelerate, right to cure, or foreclosure. *Darlington v. Specialized Loan Servicing, LLC*, No. 1:18-CV-674-LY-ML, 2019 WL 4999006, at *4-5 (W.D. Tex. July 30, 2019) (citing *Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 361 (5th Cir. 2014) (holding that the plaintiff was not entitled to notice of the lender's intent to accelerate or foreclose where she

Property, "under Texas law, a provision in a divorce decree assigning debt to one spouse cannot interfere with a creditor's rights." Doc. 23-1 at 29; *Luisa Fernanda Calle Monsalve*, 2021 WL 2444168, at *5 & n.51 (plaintiff spouse lacked standing to bring a claim for breach of contract as she was not a borrower under the note despite signing a loan agreement addendum and being awarded the property in a divorce decree) (citing *Blake v. Amoco Fed. Credit Union*, 900 S.W.2d 108, 111 (Tex. App.—Houston [14th Dist.] 1995, no writ)). Here, the divorce decree required Plaintiff and Decedent to sell the property and Decedent to continue making payments on the Note pending the sale, but the decree did not transfer the Note's obligations or otherwise convey an interest in the Property to Plaintiff. Doc. 23-1 at 32.

Moreover, while Plaintiff alleges in her complaint that she has "been applying for a Successor in Interest," a mere application is not sufficient to establish contractual privity. Doc. 3-3 at 2. *Cf. 402 Lone Star Prop. L.L.C. v. Bank of Am., N.A.*, No. 03–13–0322–CV (Tex.App.-Austin Aug. 12, 2014), 2014 WL 4058715 at *3 ("To become a party to a deed of trust and obtain the rights of a borrower under a deed of trust, such as the right to notice and reinstatement, a purchaser of real property must take the affirmative steps of requesting *and receiving written approval from the lender* to assume the borrower's obligations under the deed of trust.") (emphasis added, cited case omitted); *Coleman-Allen v. Select Portfolio Servicing, Inc.*, No. 3:19-CV-0366-M-BH, 2020 WL 959796 (N.D. Tex. Feb. 3, 2020) (Ramirez, J.) (finding that the plaintiff had standing despite not having signed the note as the defendant approved her status as successor in interest), *adopted by* 2020 WL 955618 (N.D. Tex. Feb. 26, 2020) (Lynn, C.J.).

---

did not sign the note but only signed the deed of trust, which expressly recognized that the plaintiff was not a "debtor")), *adopted by* 2019 WL 11541361 (W.D. Tex. Aug. 22, 2019).

Consequently, Plaintiff lacks standing to bring sue for breach of contract.[3]  Further, because Plaintiff lacks standing to pursue her sole substantive claim for breach of contract, her request for injunctive relief also fails.  *See Valdez v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1363, 2011 WL 7068386, at *3 (N.D. Tex. Nov. 28, 2011), (citing *DSC Comm. Corp. v. DGI Techs, Inc*. 81 F.3d 597, 600 (5th Cir. 1996)).

### IV.  LEAVE TO AMEND

A court may dismiss a complaint that fails to meet the pleading requirements but "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).  While Plaintiff has not previously amended her complaint, she does not request leave to amend in response to Defendant's motion to dismiss.  Indeed, Plaintiff, who is represented by able counsel, maintains that she has sufficiently pled her claims and they are not subject to dismissal.  *See* Doc. 29 *passim*.  Therefore, it appears that she has pled her best case at this point.  *See, e.g.*, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam) (holding that dismissal of even a *pro se* case with prejudice is appropriate if the court determines that the plaintiff has alleged his best case).  Further, for the reasons stated here, Plaintiff's claims are fatally infirm; thus, granting leave to amend would be futile, cause needless delay, and waste the Court's resources.  Accordingly, Plaintiff's complaint should be dismissed with prejudice.

---

[3] Because Defendant's standing argument is dispositive, the Court need not address its remaining arguments.

## V. CONCLUSION

For the foregoing reasons, Defendant's *Amended Motion to Dismiss*, Doc. 26, should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**, leaving pending only Defendant's counter claims.

**SO RECOMMENDED** on August 16, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F͟E͟D. R. C͟I͟V. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).