**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HEATHER SPENCER MEANS,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:22-CV-1249-G-BK** |
| | § | |
| **GATEWAY MORTGAGE COMPANY,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 4. Now before the Court is *Plaintiff's Motion for New Trial*. Doc. 41. For the reasons that follow, it is recommended that the motion be **DENIED**.

## I. PROCEDURAL HISTORY

In June 2022, Plaintiff filed this counseled action in state court for breach of contract, seeking a temporary restraining order to prevent Defendant from foreclosing on the property located at 346 Harbin Avenue, Waxahachie, Texas 75165 (the "Property"). Doc. 3-3 at 2. Plaintiff alleged that Defendant's failure to give her proper notice of the default and subsequent acceleration of the note securing the Property violated the Texas Property Code and various HUD regulations and breached the parties' "loan documents." Doc. 3-3 at 2.

By way of background, Plaintiff's former husband, Adam Means ("Means"), who is now deceased, executed a deed of trust (the "Deed") and a loan agreement (the "Note") as to the Property in September 2017 before he and Plaintiff married. Doc. 23-1 at 16, 21. Plaintiff and Means subsequently divorced, and the divorce decree awarded Plaintiff and Means each one-half

interest in the Property, ordered them to sell the Property, and required Means to continue making payments on the Note pending the sale (though the Property ultimately did not sell). Doc. 23-1 at 28-29, 32. Rather, following Means' default on the Note, Defendant sent Means or his estate (1) a Notice of Default, Opportunity to Cure, and Intent to Accelerate, (2) a Notice of Acceleration, and (3) a Notice of Substitute Trustee's Sale, which scheduled the foreclosure sale of the Property in June 2022. Doc. 23-1 at 40-42.

Asserting diversity jurisdiction, Defendant removed the action to this Court, Doc. 1, and filed counterclaims against Plaintiff seeking (1) a declaratory judgment to the effect that it was authorized to enforce the power of sale enumerated in the governing deed of trust through foreclosure; (2) non-judicial foreclosure on the Property; and (3) a writ of possession, Doc. 7 at 4-5. Defendant then filed an *Amended Motion to Dismiss*, seeking the dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 26.

Upon the undersigned's recommendation and absent Plaintiff's objection, the district judge granted Defendant's motion. Doc. 33; Doc. 36. In particular, the Court found that Plaintiff lacked contractual standing to bring her suit as she was not a party to the Note. Doc. 33 at 4-6; *Means v. Gateway Mortg. Co.*, No. 3:22-CV-1249-G-BK, 2023 WL 5760026, at *2-3 (N.D. Tex. Aug. 16, 2023) (Toliver, J.) (collecting cases), *adopted by* 2023 WL 5751437 (N.D. Tex. Sept. 5, 2023) (Fish, J.). The Court entered judgment on September 5, 2023, and Plaintiff filed the instant motion 27 days later, seeking relief pursuant to Rule 59(a). Doc. 37; Doc. 41.

## II. ANALYSIS

Rule 59(a) provides that a court may "grant a new trial on all or some of the issues" only "after a jury trial" or "after a non-jury trial." FED. R. CIV. P. 59(a)(1). As an initial matter, Rule 59(a) has no application here because the case was dismissed for failure to state a claim under

Rule 12(b)(6). *See Hernandez v. Siemens Corp.*, 726 F. App'x 267, 269 (5th Cir. 2018) (holding that Rule 59(a) did not apply when the case was disposed of under Rule 12(b)(6)) (citation omitted). Even assuming Rule 59(a) did apply, a motion for a new trial must clearly establish either a manifest error of law or fact or present newly discovered evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 (5th Cir. 2007) (citation omitted). Put differently, such motions "cannot be used to raise arguments which could, and should, have been made *before the judgment issued*." *Id.* (emphasis added).

Here, Plaintiff has not demonstrated either a manifest error of law or fact, nor has she presented newly discovered evidence. Rather, Plaintiff reiterates the same arguments she made in opposition to Defendant's dismissal motion which this Court has already rejected. In particular, Plaintiff reiterates that (1) she did not receive the required default notices; (2) she established standing to bring this action by virtue of her and Means' divorce decree; and (3) Defendant's submission of documents outside the pleadings effectively converted its motion to dismiss into a summary judgment motion. Doc. 41 at 4-5. The Court previously considered and rejected those arguments. Doc. 33 at 3-5; *Means*, 2023 WL 5760026, at *1-3 (collecting cases).

Finally, Plaintiff's failure to object to this Court's recommendation that her case be dismissed likely constitutes a waiver thereof. *Turner*, 476 F.3d at 344; *see, e.g.*, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (holding that the defendant's Rule 59(e) limitation on liability argument "could, and should, have been made at some point before the entry of judgment," and the defendant's failure to do so waived the defense) (citation omitted).

## III.  CONCLUSION

For the foregoing reasons, it is recommended that *Plaintiff's Motion for New Trial*, Doc. 41, be **DENIED**.[1]

**SO RECOMMENDED** on January 12, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] At the status conference held on September 14, 2023, Defendant indicated that the Court's judgment rendered its counterclaims moot and represented it would move to withdraw the counterclaims forthwith.  Doc. 40.  To date, however, those claims remain pending.  Accordingly, if Defendant believes its counterclaims are moot, it is **ORDERED** to take appropriate action to dismiss or withdraw them **within ten days of the date of this recommendation**.  If Defendant declines to do so, it shall file a Status Report with respect to the counterclaims within the same period.